## Cuyler's Estate.

*Appeals to Supreme Court—Printing evidence—Brief statement of questions to be argued—Assignments of error—Supreme Court Rule 55.*

Supreme Court Rule 55, by providing that evidence which has no relation to, or connection with, the assignments of error raised, must not be printed, in effect requires the appellant to file his assignments of error before he files, in the lower court, the brief statement of the questions he intends to argue on the appeal.

Appeal of Theodore Cuyler Patterson. Brief statement of questions appellant intends to argue on appeal and objections thereto. O. C. Phila. Co., April T., 1887, No. 103.

*Theodore Cuyler Patterson, p.p.,* for appellant.

*John Hampton Barnes,* for appellees.

HENDERSON, J., Oct. 9, 1925.—The appellant is about printing his record in connection with his appeal in the Supreme Court, and, under Rule 55 thereof, he has filed a brief statement of the questions he intends to argue on appeal. The appellees object to any order concerning the testimony being made in advance of the appellant filing his assignments of error, and they point out that Rule 55 of the Supreme Court provides that, "evidence which has no relation to, or connection with, the questions raised by the assignments of error must not be printed." They further urge that until the assignments of error have been filed they are unable to determine what evidence in the record in this court will be necessary for consideration upon appeal.

The Supreme Court rules seem to contemplate, without so stating, the filing of the assignments of error in advance of the filing by the appellant of a brief statement of the questions he intends to argue on the appeal.

Rule 45 (7) provides, *inter alia*, that the record shall consist of "so much of the evidence as is necessary to be considered by this court in passing upon the assignments of error."

The appellees urge that the brief statement of the questions intended to be argued on the appeal will not limit appellant in specifying his assignments of error, and that these should be filed before this court can intelligently act on the application.

While the rules of the Supreme Court do not in terms require the filing of the assignments of error in advance of the brief statement of the questions the appellant intends to argue, we are of opinion that that is the effect of Rule 55.

When this matter was heard on Oct. 2nd, we instructed the appellant forthwith to file his assignments of error, and at the adjourned hearing, the assignments not having been filed, the appellant has asked us to dispose of the matter in his absence, due to his illness. The only disposition we can order, in view of the objections that have been filed, is that the whole record shall be printed by the appellant.

If the appellant will file his assignments of error and serve a copy on the appellees, he may renew his application.